UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JIMMY LEE NAVE JR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02061-TWP-MJD |
| | ) |
| WEXFORD HEALTH OF INDIANA LLC, | ) |
| SAMUEL J. BYRD, | ) |
| | ) |
| Defendants. | ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Jimmy Lee Nave, Jr. ("Mr. Nave"), is a prisoner currently incarcerated at Plainfield Correctional Facility. He filed this civil action alleging that he was denied adequate treatment for a shoulder injury while he was incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because Mr. Nave is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Nave names two defendants: Dr. Samuel Byrd, a physician who provides services at Wabash Valley; and Wexford Health of Indiana, LLC ("Wexford"), the private company that provided medical care at Wabash Valley for the Indiana Department of Correction ("IDOC"). The Court takes judicial notice that Wexford's contract with the IDOC ended on June 30, 2021, after which Centurion Health took over as the contractor providing medical services for the IDOC. *See* https://www.centurionmanagedcare.com/newsroom/centurion-to-partner-with-indiana-doc-to-provide-comprehensive-healthcare-services.html (last visited April 5, 2023). Mr. Nave seeks money damages and injunctive and declaratory relief. He bases his complaint on the following allegations:

Around November or December 2020, Mr. Nave began experiencing right shoulder pain. He saw Dr. Byrd, who ordered X-rays and prescribed acetaminophen.

Mr. Nave saw Dr. Byrd again in March of April 2021. He told Dr. Byrd that he was still having severe pain in his shoulder. Dr. Byrd told him it was possible he had a chipped bone floating around in his shoulder. Mr. Nave asked for an MRI, but Dr. Byrd told him that the IDOC would not pay for an MRI because of the cost. Dr. Byrd prescribed prednisone for pain.

Mr. Nave saw Dr. Byrd again in March or April 2022. He told Dr. Byrd he was still having severe pain and that past treatment was ineffective. Dr. Byrd ordered a second X-ray and scheduled a cortisone injection for Mr. Nave. The second X-ray showed that Mr. Nave had a "stable 12mm well-corticated osseous density projecting inferior to the distal clavicle, which could be related to

degenerative change or remote injury." Dkt. 2 at 5. Dr. Byrd gave Mr. Nave a cortisone injection. On June 24, 2022, Mr. Nave submitted a health care request form to Dr. Byrd stating that the cortisone injection was ineffective and he was still in severe pain.

Mr. Nave saw a nurse on July 16, 2022, and was told that Dr. Byrd had ordered prednisone again and scheduled him for another cortisone injection. Mr. Nave received prednisone two days later and another cortisone injection on July 29, 2022.

Mr. Nave was transferred to another facility in September 2022.

He alleges that Dr. Byrd knowingly continued with a course of treatment he knew to be ineffective and that Wexford has a policy, custom, or practice of deliberately providing inmates with substandard care to increase its profits.

### III. Discussion of Claims

Mr. Nave states that he is suing under the Eighth Amendment to the U.S. Constitution. Where a *pro se* litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Accordingly, the Court addresses the plausibility of Mr. Appleton's claims under the Eighth Amendment and no other theories.

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, Mr. Nave's requests for injunctive and declaratory relief are **dismissed as moot**. He has been transferred to another facility, and, as of July 1, 2021, Wexford no longer provides care to IDOC inmates. Thus, neither Dr. Byrd nor Wexford is currently involved with his care and

cannot provide him with any relief. See *Pearson v. Welborn*, 471 F.3d 732, 743 (7th Cir. 2006) (transfer away from facility where allegedly unconstitutional actions occurred mooted request for injunctive relief; stating, "[O]nce Pearson was transferred, his prayer for declaratory relief [related to the allegedly unconstitutional conduct] largely dropped out of the picture . . . As such, granting Pearson's request for declaratory relief would serve no purpose . . . .").

Second, Mr. Nave's claims against Wexford are **dismissed** to the extent that he seeks relief for events that occurred on or after July 1, 2021. As stated, Wexford stopped providing medical care to IDOC inmates on that date and cannot be responsible for any allegedly unconstitutional care that occurred on or after that date.

Third, Mr. Nave's claims that Dr. Byrd violated the Eighth Amendment by being deliberately indifferent to his serious medical needs **shall proceed** against Dr. Byrd in his individual capacity.[1] *See Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)) ("Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'").

Finally, Mr. Nave alleges that Wexford was deliberately indifferent to his serious medical needs. Because Wexford acts under color of state law by contracting to perform a government function—providing medical care to correctional facilities—it is treated the same as a municipality for purposes of § 1983 claims. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235

---

[1] Mr. Nave purports to sue Dr. Byrd in his individual and official capacities. "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). But "'employees of private companies, not a state or local government, have no official capacities in which to be sued.'" *Johnson v. Cmty. Hosp. Anderson/Madison County*, 1:20-cv-855-JRS-MPB, 2022 WL 900021, at *10 (S.D. Ind. Mar. 28, 2022) (quoting *Ellibee v. Leonard*, 226 F. App'x 351, 357 (5th Cir. 2007)) (cleaned up). To the extent Mr. Nave intends to sue Dr. Byrd's former employer, Wexford, he is already proceeding on a claim against Wexford directly. To the extent Mr. Nave intends to sue Dr. Byrd's current employer, he must file an amended complaint naming that entity as a defendant.

(7th Cir. 2021). Therefore, to state a cognizable deliberate indifference claim against Wexford, Mr. Nave must allege that he suffered a constitutional deprivation as the result of a Wexford policy or custom. *Id*. At this stage of the proceedings, and construing Mr. Nave's complaint liberally, he has adequately alleged that his injuries were traceable to Wexford policies or customs. Accordingly, his Eighth Amendment claims against Wexford **shall proceed** as to events that occurred before July 1, 2021.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Nave believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 3, 2023,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Byrd and Wexford in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve Wexford of Indiana, LLC, electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 4/7/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JIMMY LEE NAVE JR
232904
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Wexford of Indiana, LLC

Samuel Byrd
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway
P.O Box 500
Carlisle, IN 47838